Hon. Allen E. Dekdebrun Commissioner Chairman Niagara Frontier Transportation Authority
Your associate counsel has asked whether a commissioner who also serves as corporation counsel for the City of Lockport may receive compensation for services rendered to the Niagara Frontier Transportation Authority.
Section 1299-c (6) of the Public Authorities Law provides:
 "Notwithstanding any inconsistent provisions of this or any other law, general, special or local, no officer or employee of the State, or of any public corporation as defined in the general corporation law, shall be deemed to have forfeited or shall forfeit his office or employment or any benefits provided under the retirement and social security law or under any public retirement system maintained by the state or any of its subdivisions by reason of his acceptance of membership on or chairmanship of the authority; provided, however, a member or chairman who holds such other public office or employment shall receive no additional compensation for services rendered pursuant to this title, but shall be entitled to reimbursement for his actual and necessary expenses incurrred in the performance of such services." (Emphasis added.)
Section 1299-c (6) applies to employees of public corporations, as defined in the General Corporation Law. The General Corporation Law has been repealed, but the definition of a public corporation is now found in the General Construction Law. A public corporation is defined to include a municipal corporation (§ 66[1]). A city is a municipal corporation (§ 66 [2]). A commissioner who holds the position of corporation counsel for the City of Lockport is a public officer or employee within the meaning of section 1299-c (6) and is therefore precluded from receiving compensation for services rendered to the Niagara Frontier Transportation Authority.
You have asked whether section 1299-c (6) prevents the commissioner from receiving compensation even though his position as corporation counsel does not require him to work full time and expressly permits him to accept outside employment. Section 1299-c (6) makes no distinction between part-time and full-time public employment. We must therefore conclude that the commissioner may not receive compensation for services rendered to the Niagara Frontier Transportation Authority.